**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LORRAINE MARTIN, individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> -v- <br><br> THE HEARST CORPORTION, SOUTHERN CONNECTICUT NEWSPAPERS INC., MAIN STREET CONNECT, LLC, d/b/a THE DAILY GREENWICH, and NEWS 12 INTERACTIVE, INC., <br><br> Defendants. | Case No. _____ <br><br><br> Removed from Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford Case No. FST-CV12-6014434-S |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§1332, 1446 and 1453, defendant Hearst Corporation ("Hearst" or "Defendant"), by and through the undersigned counsel, hereby removes the above-captioned action from Connecticut Superior Court, Judicial District of Stamford, to the United States District Court for the District of Connecticut.  In support of this Notice of Removal, Defendant states as follows:

1.      Hearst was served with the Summons and Complaint in this action on June 13, 2012 and the Complaint was filed in Connecticut Superior Court, Judicial District of Stamford, Case No. FST-CV12-6014434-S, on June 19, 2012.  Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Summons and Complaint filed in Connecticut state court is attached hereto as <u>Exhibit A</u>.

2.      As more fully set forth below, this action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, codified primarily in 28 U.S.C. §

1332(d), because it is a class action involving 100 or more class members, an aggregate amount in controversy that exceeds the sum or value of $5,000,000, exclusive of interest and costs, and has minimal diversity.  28 U.S.C. § 1332(d)(2), (5)(B), (6);  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).

3.      Plaintiff alleges that there are "hundreds of individuals" in the class.  Ex. A ¶ 27. Accordingly, the requirement of CAFA jurisdiction that there be at least 100 class members is satisfied.

4.      Plaintiff alleges four causes of action.  First, Plaintiff asserts a cause of action for "Per Se Defamation – Libel," for which she claims damages in excess of $15,000 and punitive damages in excess of $15,000.  Ex. A ¶ 37.  Second, Plaintiff asserts a cause of action for "Publicity Placing Another in a False Light before the Public," for which she claims compensatory, general and consequential damages.  Ex. A ¶ 35.[1]  Third, Plaintiff asserts a cause of action for "Negligent Infliction of Emotional Distress," for which she claims compensatory, general and consequential damages.  Ex. A ¶ 37.  Fourth, Plaintiff asserts a cause of action for "Invasion of Privacy – Misappropriation of Name & Likeness," for which she claims compensatory, general, consequential and punitive damages.  Ex. A ¶ 34.

5.      Plaintiff also seeks attorneys' fees and an injunction against defendants.  Ex. A, pages 10-11, ¶¶ 7,8.

6.      There is a reasonable probability that the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  The Complaint asserts four causes of action for hundreds of plaintiffs.  Moreover, the Complaint claims punitive damages for two causes of action for hundreds of plaintiffs.  The Complaint also seeks attorneys'

---

[1] After the first paragraph 37 in the Complaint, the numbers assigned to paragraphs are not consecutive. The paragraph numbers cited herein are those used in the Complaint.

fees. *See, e.g., Servedio v. State Farm Ins. Co.*, 814 F. Supp. 2d 214, 217 (E.D.N.Y. 2011)

("Given that his statutory claims contemplate treble damages and attorney's fees . . . and that he

seeks, in addition, punitive damages, the Court is satisfied that [plaintiff] has established a

'reasonable probability' that his proposed class action seeks monetary relief of more than $5

million."). Additionally, Plaintiff's request for an injunction is an object in the litigation with a

value that contributes to the amount in controversy. *See, e.g., Ava Acupuncture P.C. v. State

Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 527, 529 (S.D.N.Y. 2008).

7.      The Complaint erroneously alleges that defendant Southern Connecticut

Newspapers Inc. ("SCNI") is a wholly-owned subsidiary of Hearst and that SCNI operates the

Connecticut Post, The Advocate and Greenwich Time. Ex. A ¶¶ 5, 14. SCNI is not and never

has been a subsidiary of Hearst and does not operate the Connecticut Post, The Advocate or

Greenwich Time.

8.      At the time of the commencement of this action in state court, and since that time,

defendant Hearst was, and still is, a Delaware corporation with its principal place of business in

New York. Hearst is not a citizen of Connecticut.

9.      The Complaint alleges that Plaintiff is a resident of Greenwich, Connecticut. Ex.

A ¶ 2. There is a reasonable probability that Plaintiff or any other member of the class is a

citizen of Connecticut.

10.     Because Hearst is not a citizen of Connecticut and because there is a reasonable

probability that any one class member is a citizen of Connecticut, the minimal diversity

requirement of CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A).

11.     Section 1453 of CAFA permits a defendant to remove a class action even if a co-defendant is a citizen of the state in which the action was originally brought and without the consent of the other defendants in the action.  28 U.S.C. § 1453(b); *Blockbuster*, 472 F.3d at 56.

12.     Defendant's Notice of Removal has been filed within 30 days after service on Defendant of a copy of Plaintiff's Summons and Complaint in accordance with 28 U.S.C. § 1446(b).

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the Clerk of Connecticut Superior Court, Judicial District of Stamford.

14.     In sum, this case should be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1332, 1446 and 1453 because there is a reasonable probability that:  (1) A single class member is a citizen of Connecticut, and Hearst is not a citizen of Connecticut; (2) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) this is a class action involving 100 or more members.  28 U.S.C. § 1332(d)(2), (5)(B), (6).

WHEREFORE, Defendant respectfully removes this action to the United States District Court for the District of Connecticut for further proceedings pursuant to this Notice.

Dated: July 13, 2012                              Respectfully submitted,


                                                     /s/ Cameron Stracher
                                                  Cameron Stracher (ct28146)
                                                  4 North Pasture Rd.
                                                  Westport, CT 06880
                                                  Phone / Fax: (203) 222-7169
                                                  Email: cam@stracherlaw.com


                                                  *Attorney for Defendant Hearst Corporation*

**EXHIBIT A**

## SUMMONS - CIVIL

JD-CV-1   Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☒ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, CT 06905 | ( 203 )965-5307 | August           21 , 2012<br>Month        Day        Year |

| | | | |
|---|---|---|---|
| ☒ Judicial District | G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
| ☐ Housing Session | Number: | **Stamford** | Major:  T        Minor:  50 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Mark Sherman, 29 Fifth St., Stamford, CT 06905 ; Stephen Seeger,810 Bedford St., Stamford, CT | 416130, 415349 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 ) 358-4700 | |

| Number of Plaintiffs:  1 | Number of Defendants:  4 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| **First Plaintiff** | Name:  **Lorraine Martin**<br>Address: **25 Bowman Drive, Greenwich, CT 06831** | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name:  The Hearst Corporation c/o registered agent<br>Address: CT Corporation System, One Corporate Center, Hartford, CT 06103-3220 | D-50 |
| **Additional Defendant** | Name:  **Southern Connecticut Newspapers, Inc. c/o registered agent**<br>Address: **Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537** | D-51 |
| **Additional Defendant** | Name:  **Main Street Connect, LLC d/b/a The Daily Greenwich c/o registered agent**<br>Address: **Secretary of the State, 30 Trinity Street, Hartford, CT 06106-0470** | D-52 |
| **Additional Defendant** | Name:  **News 12 Interactive, Inc.**<br>Address: **c/o Prentice-Hall Corporation System, Inc. 80 State Street, Albany, New York 12207** | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>**Mark Sherman, Esq.** | Date signed<br>06/11/2012 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | TRUE COPY ATTEST |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | ROBERT M. WOLFE<br>CONNECTICUT STATE MARSHAL<br>FAIRFIELD COUNTY |
|---|---|---|---|
| Name and address of person recognized to prosecute in the amount of $250 | | | |

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>06/11/2012 | Docket Number |
|---|---|---|---|

Mariella Soussou, Esq.                                (Page 1 of 2)

RETURN DATE:  AUGUST 21, 2012        :       SUPERIOR COURT

                                      :

LORRAINE MARTIN, individually and on    :       JUDICIAL DISTRICT OF
Behalf of all Others Similarly Situated,       :       STAMFORD / NORWALK

                                        :

             Plaintiff,                  :

                                        :       AT STAMFORD

v.                                           :

                                        :

THE HEARST CORPORATION, SOUTHERN    :
CONNECTICUT NEWSPAPERS INC.,        :
MAIN STREET CONNECT, LLC,          :
d/b/a THE DAILY GREENWICH, and       :
NEWS 12 INTERACTIVE, INC.,          :

                                        :

            Defendants.                :       JUNE 11, 2012

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.     Plaintiff **LORRAINE MARTIN** ("**PLAINTIFF**") brings this class action suit, on behalf of herself and all those similarly situated, against **THE HEARST CORPORATION** ("**HEARST**"), **SOUTHERN CONNECTICUT NEWSPAPERS INC.** ("**SCNI**"), **MAIN STREET CONNECT, LLC d/b/a THE DAILY GREENWICH** ("**MAIN STREET**"), and **NEWS 12 INTERACTIVE, INC.** ("**NEWS 12**") (**HEARST, SCNI, MAIN STREET** and **NEWS 12** are hereinafter referred to collectively as the "**DEFENDANTS**"), for publishing to third parties false and defamatory information about **PLAINTIFF** on their respective websites.

### PARTIES

2.     **PLAINTIFF** is a resident of Greenwich, Connecticut.

3.    Upon information and belief, **HEARST** is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 300 West 57th Street, New York, New York 10019.

4.    Upon information and belief, **HEARST** is a diversified multimedia corporation that owns and publishes at least fifteen daily newspapers across the country, including Connecticut offline and online publications, including, but not limited to, The Connecticut Post (the "Post"), The Stamford Advocate (the "Advocate"), and The Greenwich Time (the "Greenwich Time").

5.    Upon information and belief, Defendant **SCNI**, a wholly-owned subsidiary of **HEARST**, is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 75 Tresser Blvd, Stamford, CT, 06904.  **SCNI** operates the Post, the Advocate and the Greenwich Time newspapers.

6.    Upon information and belief, the Post, Greenwich Time, and the Advocate each maintain online publications of their respective daily print newspapers, where the police blotter and crime pages are some of the more popular web pages, and as a result, generate online advertising revenue.

7.    Upon information and belief, **HEARST** and **SCNI** are responsible for acts, conduct, errors, and/or omissions of its subsidiary and affiliated companies and these companies' respective officials, officers, agents, representatives, servants, and/or employees, including but not limited to, the Post, Advocate and Greenwich Time media companies.

8.    Upon information and belief, Defendant **MAIN STREET** is a limited liability company organized and existing under the laws of the State of Connecticut, with its principal place of business at 53 Water Street, Norwalk, CT 06854.

2

9.      Upon information and belief, **MAIN STREET** is a media entity that owns and publishes several news websites across the country, including thedailygreenwich.com.

10.     Upon information and belief, the police blotter and crime pages of **MAIN STREET'S** websites, including thedailygreenwich.com, generate online advertising revenue.

11.     Upon information and belief, Defendant **NEWS 12**, is a corporation organized under the laws of the State of New York, with its principal place of business at One Media Crossways, Second Floor, Woodbury, New York 11797.

12.     Upon information and belief, **NEWS 12** is a media entity that owns and publishes several news websites in the New York metropolitan area, including www.news12.com, which regularly publishes Connecticut news stories.

13.     Upon information and belief, the police blotter and crime pages of **NEWS 12'S** websites generate online advertising revenue.

### *FACTUAL ALLEGATIONS*

14.     Upon information and belief, on or about August 26, 2010, **HEARST** and **SCNI**, through the acts of the Post, the Advocate, and Greenwich Time, published an article in their online versions of their print newspapers that reported that **PLAINTIFF** was "arrested and charged with numerous drug violations Aug. 20 after police received information that a pair of brothers were selling marijuana in town" (hereinafter referred to as the "Hearst Defamatory Statements").

15.     Since January 11, 2012, the Hearst Defamatory Statements have been published and displayed, and continue to be published and displayed, on the Post, the Advocate, and Greenwich Time websites.

16.     Upon information and belief, on or about August 25, 2010, **MAIN STREET** published an article on www.thedailygreenwich.com that reported that **PLAINTIFF** was "charged with possession of narcotics, possession of drug paraphernalia and possession of marijuana.  She was released after posting a $1,000 bond and is due in court Aug. 27" (the "Main Street Defamatory Statements").

17.     Since January 11, 2012, the Main Street Defamatory Statements have been published and displayed, and continue to be published and displayed, on the www.thedailygreenwich.com website.

18.     Upon information and belief, on or about August 27, 2010, **NEWS 12** published an article on its website that reported that **PLAINTIFF** was "arrested on Aug. 20 after police say they confiscated 12 grams of marijuana, scales and traces of cocaine from their house", was "freed on bond" and "did not enter a plea" in Stamford Superior Court (together, the "News 12 Defamatory Statements").

19.     Since January 11, 2012, the News 12 Defamatory Statements have been published and displayed, and continue to be published and displayed, on the **NEWS 12** websites.

20.     Together the Hearst, Main Street, and News 12 Defamatory Statements are referred to herein as the "Plaintiff Defamatory Statements".

21.     Since January 11, 2012, **DEFENDANTS'** respective online publications of the Plaintiff Defamatory Statements were, and continue to be, false and defamatory.

22.     At all material times herein, **PLAINTIFF** maintained a reputation as a successful and respectable professional.

23.     Prior to filing this lawsuit, **PLAINTIFF** delivered direct requests to **DEFENDANTS** to remove the Plaintiff Defamatory Statements from their respective websites.

4

24.     In spite of **PLAINTIFF'S** respective requests for such removal, the **DEFENDANTS** failed to do so.

### *CLASS ALLEGATIONS*

25.     **PLAINTIFF** now brings this class action individually and on behalf of members of a proposed Plaintiff Class defined in Paragraph 28 below (the "**CLASS**") pursuant to Practice Book Sections 9-7 and 9-8.

26.     The **CLASS** is comprised of individuals who are similarly situated to the **PLAINTIFF** in that the **DEFENDANTS** have published and continue to publish the names of the **CLASS** members in the police blotters and/or news sections of their respective online versions of their print newspapers as having been arrested, when in fact they are not deemed to have been arrested.

27.     *Numerosity*: The proposed **CLASS** is so numerous that joinder of all members would be impracticable.  While the exact number and identities of **CLASS** members are unknown at this time, and can only be ascertained through appropriate discovery, **PLAINTIFF** is informed and believes there are hundreds of individuals in the **CLASS**.

28.     *Commonality* and *Predominance*: There is a commonality of interest among the members of the proposed **CLASS** in that there are questions of law and fact common to the proposed **CLASS** that predominate over questions affecting only individual members. Among the questions of law and fact common to the **CLASS** are:

a.  whether **DEFENDANTS'** online publications of alleged arrests of **CLASS** members are in fact defamatory;

b.  whether **DEFENDANTS** have publicly placed each **CLASS** member in a false light before the public by virtue of **DEFENDANTS'** online publications of alleged arrests of **CLASS** members;

c. whether **DEFENDANTS** have negligently inflicted emotional distress upon each **CLASS** member by virtue of **DEFENDANTS'** online publications of alleged arrests of **CLASS** members;

d. whether **DEFENDANTS** misappropriated each **CLASS** member's name and likeness for **DEFENDANTS'** own personal gain and benefit; and

e. to what extent and magnitude each **CLASS** member has been damaged as a result of the **DEFENDANTS'** (i) defamation of each **CLASS** member as alleged in the First Count of this Complaint, (ii) the placing of each **CLASS** member in a false light before the public as alleged in the Second Count of this Complaint, (iii) negligently inflicted emotional distress upon each **CLASS** member, and (iv) misappropriated each **CLASS** member's name and likeness.

29. *Typicality*: **PLAINTIFF'S** claims are typical of those of the **CLASS** that she seeks to represent.

30. *Adequacy Representation*: **PLAINTIFF** will fairly and adequately protect the interests of the **CLASS**. **PLAINTIFF** has retained competent litigation counsel. **PLAINTIFF** has no interests that are antagonistic to, or in conflict with, the Members of the **CLASS**. Indeed, **PLAINTIFF'S** interests are, for purposes of this litigation, coincident with the interests of the other Members of the **CLASS** litigation.

31. *Superiority*: A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual **CLASS** members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for **CLASS** members to seek redress individually.

**FIRST COUNT**
*(Per Se Defamation – Libel)*

1-31. Paragraphs 1-31 above are re-alleged in this **FIRST COUNT** as if fully set forth herein.

32. The **DEFENDANTS** each published and circulated their respective Plaintiff

6

Defamatory Statements with the knowledge and intent that these words were going to be published to hundreds of individuals through each of **DEFENDANTS'** respective worldwide websites.

33.   The libelous words written by **DEFENDANTS**, as respectively set forth above in the Plaintiff Defamatory Statements, were in fact false and defamatory and the **DEFENDANTS** knew or, in the exercise of reasonable care, should have known, that the Plaintiff Defamatory Statements were false as, on and after January 11, 2012, **PLAINTIFF** was deemed to have never been arrested.

34.   **DEFENDANTS** each respectively published the Plaintiff Defamatory Statements with knowledge of their falsity or reckless disregard of the truth of such statements.

35.   The libelous words written by **DEFENDANTS**, as set forth above in the Plaintiff Defamatory Statements, are libelous *per se* insofar as these words were written and insofar as these words accuse **PLAINTIFF** of committing a crime punishable by imprisonment.

36.   The libelous words written by **DEFENDANTS**, as set forth above in the Plaintiff Defamatory Statements, have damaged **PLAINTIFF**.

37.   As a result of **DEFENDANTS'** respective defamation of **PLAINTIFF**, **PLAINTIFF** has been damaged and is entitled to recover monetary damages in an amount in excess of $15,000, and punitive damages in excess $15,000, the precise amounts of which are to be determined at the trial of this matter.

## SECOND COUNT
### *(Publicity Placing Another in a False Light before the Public)*

1-31.   Paragraphs 1-31 of the **FIRST COUNT** are re-alleged as Paragraphs 1-31 of this **SECOND COUNT** as if fully set forth herein.

7

32.     The **DEFENDANTS** have placed the **PLAINTIFF** in a false light in a manner that would be and is highly offensive to a reasonable person.

33.     The **DEFENDANTS** had knowledge of or acted with reckless disregard as to the falsity of the publicized matters and the false light in which the **PLAINTIFF** would be and has been placed.

34.     The **PLAINTIFF** has suffered continuing injury and damages as a result of the **DEFENDANTS'** acts.

35.     As a result thereof, **PLAINTIFF** is therefore entitled to recover from **DEFENDANTS** compensatory, general and consequential damages in an amount to be determined at a trial of this matter.

### THIRD COUNT
*(Negligent Infliction of Emotional Distress)*

1-31.   Paragraphs 1-31 of the **FIRST COUNT** are re-alleged as Paragraphs 1-31 of this **THIRD COUNT** as if fully set forth herein.

32.     **DEFENDANTS** owed a duty of care to the **PLAINTIFF** to report truthful information about the **PLAINTIFF**.

33.     **DEFENDANTS** each breached that duty of care by respectively publishing and continuing to publish the Plaintiff Defamatory Statements.

34.     At all material times herein, **DEFENDANTS**, its representatives, agents and/or employees, knew and/or reasonably should have known that its breach of this duty of care could result in harm to **PLAINTIFF**.

35.     **DEFENDANTS'** conduct, through the acts of its representatives, agents and/or employees, breached **DEFENDANTS'** legal duties and involved an unreasonable risk of causing

emotional distress to **PLAINTIFF**.

36. This negligent and careless conduct of **DEFENDANTS'** caused **PLAINTIFF** severe mental and emotional distress, manifested by symptoms reasonably likely to occur to someone in **PLAINTIFF'S** position, such as: anxiety, paranoia, anger, anguish, insomnia, nervousness, headache, and depression.

37. As a result thereof, **PLAINTIFF** is therefore entitled to recover from **DEFENDANTS** compensatory, general and consequential damages in an amount to be determined at a trial of this matter.

## FOURTH COUNT
### *(Invasion of Privacy—Misappropriation of Name & Likeness)*

1-31. Paragraphs 1-31 of the **FIRST COUNT** are re-alleged as Paragraphs 1-31 of this **FOURTH COUNT** as if fully set forth herein.

32. Upon information and belief, **DEFENDANTS** each used **PLAINTIFF'S** name in a false, defamatory and deceptive manner without **PLAINTIFF'S** knowledge, information, authorization or consent.

33. By engaging in the above acts, **DEFENDANTS** have misappropriated **PLAINTIFF'S** name and likeness for **DEFENDANTS'** own personal gain and benefit, and to the detriment of **PLAINTIFF**.

34. As a result thereof, **PLAINTIFF** is therefore entitled to recover from **DEFENDANTS** compensatory, general, consequential and punitive damages in an amount to be determined at a trial of this matter.

**WHEREFORE,** the **PLAINTIFF,** on behalf of herself and the other members of the **CLASS** proposed in this Complaint, prays for the following:

1. That this Court certify the **CLASS** pursuant to the Practice Book, certify **PLAINTIFF** as representative of the **CLASS,** and designate its counsel as counsel for the **CLASS;**

2. That the **PLAINTIFF** and the **CLASS** be awarded money damages against **DEFENDANTS** for the following: their respective *per se* libel and defamation of the **PLAINTIFF** and the **CLASS;** for publicly placing **PLAINTIFF** and the **CLASS** in a false light before the public; for their respective infliction of emotional distress upon **PLAINTIFF** and the **CLASS;** and for their misappropriation of **PLAINTIFF'S** and the **CLASS'S** respective names and likenesses;

3. General and consequential damages;

4. The legal interpretation and determination of **PLAINTIFF'S** and the **CLASS'S** rights under and by virtue of C.G.S. § 52-237;

5. That the amount of damages to the **PLAINTIFF** and the **CLASS** be ascertained and established against the **DEFENDANTS;**

6. Punitive damages, where applicable;

7. That **PLAINTIFF** and the **CLASS** be awarded their expenses and costs of prosecuting this action, including reasonable attorneys' fees and experts' fees and costs;

8. That a permanent restraining order enjoining the **DEFENDANTS** and their officers, agents, subsidiaries, affiliates, and all persons in active concert or

participation with them who receive actual notice of an order from this Court, from publishing in any manner whatsoever, any information that falsely indicates or suggests that **PLAINTIFF** and the **CLASS** were arrested on any charges for which they were deemed to have never been arrested; and

9.  Such further and other relief with this Honorable court deems just and proper.

Dated at Stamford, Connecticut, this 11th day of June, 2012.

THE PLAINTIFF,

LORRAINE MARTIN

By____/s/ Mark Sherman_____
Mark Sherman, Esq. (Juris No. 416130)
**The Law Offices of Mark Sherman, LLC**
29 Fifth Street
Stamford, CT 06905
Tel: (203) 358-4700
msherman@markshermanlaw.com


By____/s/ Stephan Seeger_____
Stephan Seeger, Esq (Juris No. 415349)
810 Bedford Street, Suite #3
Stamford, CT 06901
Tel: (203) 273-5170
Fax:  (203) 357-0608
Seeegerkid2@aol.com

RETURN DATE:  AUGUST 21, 2012          :          SUPERIOR COURT
                                                          :
LORRAINE MARTIN, individually and on     :          JUDICIAL DISTRICT OF
Behalf of all Others Similarly Situated,         :          STAMFORD / NORWALK
                                                          :
                    Plaintiff,                         :
                                                          :          AT STAMFORD
                                                          :
v.                                                       :
                                                          :
THE HEARST CORPORATION, SOUTHERN     :
CONNECTICUT NEWSPAPERS INC.,            :
MAIN STREET CONNECT, LLC,                 :
d/b/a THE DAILY GREENWICH, and           :
NEWS 12 INTERACTIVE, INC.,                  :
                                                          :
                    Defendants.                      :          JUNE 11, 2012

## AMOUNT IN DEMAND

The amount, legal interest, and or property in demand in this action is greater than

FIFTEEN THOUSAND DOLLARS ($15,000), exclusive of interest and costs.

The remedy sought in this Complaint is not based on an express or implied promise to

pay a definite sum.

**THE PLAINTIFF,**

**LORRAINE MARTIN**

By_____/s/ Mark Sherman_____
Mark Sherman, Esq. (Juris No. 416130)
**The Law Offices of Mark Sherman, LLC**
29 Fifth Street
Stamford, CT 06905
Tel: (203) 358-4700
msherman@markshermanlaw.com

By_____/s/ Stephan Seeger_____
Stephan Seeger, Esq (Juris No. 416130)
810 Bedford Street, Suite #3
Stamford, CT 06901
Tel: (203) 273-5170
Seeegerkid2@aol.com

12

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via first class mail, postage prepaid, on this 13th day of July, 2012, to:

Mark Sherman, Esq.
The Law Offices of Mark Sherman, LLC
29 Fifth Street
Stamford, CT 06905

Stephen Seeger, Esq.
810 Bedford Street, Suite #3
Stamford, CT 06901

ATTORNEYS FOR PLAINTIFF

   /s/ Cameron Stracher
Cameron Stracher