IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE MARTIN, individually and on Behalf of all Others Similarly Situated,<br><br>          Plaintiff,<br><br>-v-<br><br>HEARST CORPORATION, MAIN STREET CONNECT, LLC, d/b/a THE DAILY GREENWICH, and NEWS 12 INTERACTIVE, INC.,<br><br>          Defendants. | Case No. 3:12-cv-01023 (JBA)<br><br><br><br><br><br><br><br><br><br>October 11, 2012 |

**MOTION OF HEARST CORPORATION AND NEWS 12
INTERACTIVE LLC TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME Defendants Hearst Corporation ("Hearst") and News 12 Interactive LLC ("News 12") (collectively, "defendants") to move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, defendants state as follows:

1.      Plaintiff's Amended Complaint alleges that on or about August 26 and 27, 2010, defendants published reports on their respective local news websites reporting that on August 20, 2010 plaintiff was arrested and charged with various drug violations. Plaintiff does not claim that the news reports were false when published. Instead, plaintiff asserts that defendants are liable to her in defamation, false light, negligent infliction of emotional distress and invasion of privacy because their reports remain accessible on defendants' websites even though as of January 11, 2012, she allegedly was

1

**ORAL ARGUMENT REQUESTED**

"deemed to have never been arrested" by operation of the Connecticut Erasure Statute, Conn. Gen. Stat. 54-142a.

2. Plaintiff's claims fail as a matter of law. Under the "single publication rule" that Connecticut courts apply to Internet publications, an allegedly defamatory statement is considered published on the first date it is made available to the public. Here, plaintiff does not – and cannot – allege that on the dates they were first posted in August 2012 the news reports were (a) false, (b) published with any degree of fault, and (c) published without any applicable privilege. Plaintiff thus fails to state a claim for defamation.

3. Plaintiff's claim that the news reports retroactively became false as of January 11, 2012, are based on a misreading of the Erasure Statute to impose an obligation on news organizations to "erase" their published reports. Plaintiff's interpretation is contrary to the plain language of the statute, its legislative history and its prior application by the courts. Any such interpretation would also violate the First Amendment, because it would authorize restrictions on the publication of true speech about matters of public concern.

4. Plaintiff's complaint fails to set forth the essential elements of any other tort claim. The publication of a newsworthy article cannot give rise to a misappropriation or an emotional distress claim, nor can it support a false light claim when the truth of the report is unchallenged at the time of publication.

5. Plaintiff's other tort claims must also be dismissed because claims for damages based on the publication of allegedly false material may not be maintained when a defamation claim, based on the same publication, fails as a matter of law.

**ORAL ARGUMENT REQUESTED**

WHEREFORE, for reasons outlined herein, in the Memorandum of Law in Support of Motion to Dismiss on Behalf of Defendants Hearst and News 12, and any reply memorandum in support hereof or oral argument hereon, defendants Hearst and News 12 respectfully request that the Court:

A. grant this motion and dismiss plaintiff's Amended Complaint in its entirety with prejudice; and

B. grant such other and further relief as the Court deems just and proper.

Dated: October 11, 2012

Respectfully submitted,

_____
Cameron Stracher (Bar No. ct 28146)

4 North Pasture Road
Westport, CT 06880
t: (203) 222-7169; f: (203) 222-7169

*Attorney for Defendants The Hearst Corporation and News 12 Interactive LLC*

**ORAL ARGUMENT REQUESTED**

## CERTIFICATE OF SERVICE

I certify that on October 11, 2012, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Cameron Stracher
Cameron Stracher (ct28146)
4 North Pasture Rd.
Westport, CT 06880
(203) 222-7169 (phone & fax)
Email: cam@stracherlaw.com

**ORAL ARGUMENT REQUESTED**