**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

LORRAINE MARTIN, individually and on
Behalf of all Others Similarly Situated,

        Plaintiff,

-v-

THE HEARST CORPORTION, SOUTHERN
CONNECTICUT NEWSPAPERS INC., MAIN
STREET CONNECT, LLC, d/b/a THE DAILY
GREENWICH, and NEWS 12 INTERACTIVE,
INC.,

        Defendants.

Case No. 3:12-cv-01023 (JBA)

## DEFENDANT MAIN STREET CONNECT, LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION TO DISMISS THE AMENDED COMPLAINT

Cameron Stracher (ct28146)
4 North Pasture Rd.
Westport, CT 06880
Phone / Fax: (203) 222-7169
Email: cam@stracherlaw.com

Robert D. Lillienstein (rl4585)
(*Pro hac vice* motion pending)
Moses & Singer, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
212-554-7807
917-206-4307 (facsimile)
Email: rlillienstein@mosessinger.com

*Attorneys for Defendant Main Street
Connect, LLC*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.  TRUTH IS AN ABSOLUTE DEFENSE TO THE FIRST COUNT FOR
    LIBEL PER SE ........................................................................................................... 2

II. THE LIBEL COUNT IS ALSO DEFECTIVE UNDER THE SINGLE
    PUBLICATION RULE ............................................................................................... 4

III. THE REMAINING COUNTS SHOULD BE DISMISSED ................................ 6

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Colon v. Town of West Hartford*,
   2001 WL 45464 (D.Conn. Jan 05, 2001) ................................................................... 5

*Cox Broadcasting Corp. v. Cohn*
   420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) ................................................ 2

*Dellacamera v. New Haven Register*,
   2002 WL 31501855 (Conn.Super. Oct 28, 2002) ...................................................... 5

*G.D. v. Kenny*,
   205 N.J. 275, 15 A.3d 300 (2011) ............................................................................. 3

*Hechtman v. Connecticut Dept. of Public Health*,
   2009 WL 5303796, 49 Conn. L. Rptr. 261 (Conn. Super. Dec 03, 2009) ................. 4

*Hustler Magazine v. Falwell*,
   485 U.S. 46 (1988) ..................................................................................................... 5

*Rzeznik v. Chief of Police of Southampton*,
   374 Mass. 475, 373 N.E.2d 1128 (1978) (Massachusetts) ........................................ 3

*Stefanoni v. Darien Little League, Inc.*,
   2011 WL 6271253 (Conn. Super. Nov 22, 2011) ..................................................... 2

*Strada v. Connecticut Newspapers, Inc.*,
   193 Conn. 313, 477 A.2d 1005 (Conn. 1984) ........................................................... 2

STATUTES

Connecticut Code, §54-142a ............................................................................................. 1, 2

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1

Fed. R. Civ. P. 12(e) ............................................................................................................. 5

U.S. Const. amend I .............................................................................................................. 3

## Preliminary Statement

Defendant Main Street Connect, LLC ("Main Street") respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint of Plaintiff, Lorraine Martin ("Martin"), pursuant to Fed. R. Civ. P. 12(b)(6). Main Street also incorporates the arguments being made by The Hearst Corporation and News 12 Interactive LLC (collectively, the "Media Defendants"), as Plaintiff's claims against the Media Defendants are nearly identical to those asserted against Main Street.

The Amended Complaint asserts four causes of action, including a cause of action for libel per se, based on Main Street's on-line publication of a truthful report concerning Plaintiff's arrest. According to the Amended Complaint, on or about August 25, 2010, Main Street reported that Martin was "charged with possession of narcotics, possession of drug paraphernalia and possession of marijuana. She was released after posting a $1,000 bond and is due in court Aug. 27." Amended Complaint, ¶19. Plaintiff does not allege that the foregoing account of her arrest was false or defamatory when it was published. However, she does allege, "[s]ince January 11, 2012, Defendants' respective online publications of the Plaintiff Defamatory Statements were, and continue to be, false and defamatory." The Amended Complaint does not allege how a truthful report made on August 25, 2010 became false on defamatory on January 11, 2012. The only hint given is found in paragraph 37 of the Amended Complaint, which states, "on and after January 11, 2012, Plaintiff *was deemed* to have never been arrested." (Emphasis added).[1]

---

[1] At a pre-motion conference with the Court, counsel for Plaintiff indicated that the claims against Plaintiff were dismissed on January 11, 2012, and that under Connecticut law, she is deemed to have never been arrested. Presumably, Plaintiff relies on Connecticut Code, §54-142a for her position that Martin is deemed to have never been arrested once charges against her were dropped.

For the reasons discussed below, and those set forth in the Media Defendants' motion to dismiss,[2] the Amended Complaint should be dismissed, with prejudice.

## Argument

## I.

### TRUTH IS AN ABSOLUTE DEFENSE
### TO THE FIRST COUNT FOR LIBEL PER SE

The libel count in the Amended Complaint should be dismissed because plaintiff does not challenge the truth of the allegedly defamatory statement contained in Main Street's report when it was published on August 25, 2010. Truth is an absolute defense to a claim of libel. *Strada v. Connecticut Newspapers, Inc.*, 193 Conn. 313, 477 A.2d 1005 (Conn. 1984); *Stefanoni v. Darien Little League, Inc.*, 2011 WL 6271253 at *6 (Conn. Super. Nov 22, 2011). As the United States Supreme Court noted in *Cox Broadcasting Corp. v. Cohn* 420 U.S. 469, 492-493, 95 S.Ct. 1029, 1045, 43 L.Ed.2d 328 (1975), "[t]he special protected nature of accurate reports of judicial proceedings has repeatedly been recognized." Here, the Amended Complaint does not allege that Main Street's publication of a report of Martin's arrest was false. Rather, it states that Main Street's truthful report became false and defamatory because Martin was "deemed not to have been arrested on and after January 11, 2012." Amended Complaint, ¶37.

Presumably, Plaintiff's "deemed not to have been arrested" argument is based on Plaintiff's reading of Connecticut Code, §54-142a, which provides:

> (c) (1) Whenever any charge in a criminal case has been
> nolled in the Superior Court, or in the Court of Common
> Pleas, if at least thirteen months have elapsed since such
> nolle, all police and court records and records of the state's

---

[2] Main Street hereby incorporates the arguments being made by the Media Defendants in support of Main Street's motion to dismiss.

> or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased . . . .
>
> (e) (3) Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may swear so under oath.

The quoted statute does not provide that an arrest that actually occurred is "deemed" not to have occurred. It provides that the state's records of such charges shall be "erased" and that a person who was the subject of an arrest shall be "deemed to have never been arrested" by operation of the law. The statute does not purport to prohibit any non-governmental actor with knowledge of the facts contained in those records from discussing those facts. Certainly, the statute does not purport to regulate the rights of the press to provide a fair and truthful report of factual matter. Nor does it purport to re-write history by changing the fact of the arrest, such that any previously fair and truthful report of any arrest automatically becomes false and defamatory, subjecting the press to liability.

To the extent that the Connecticut statute is interpreted to turn a constitutionally protected fair and truthful report of plaintiff's arrest into something that is false and defamatory, it would violate the First Amendment to the United States Constitution. *G.D. v. Kenny*, 205 N.J. 275, 15 A.3d 300 (2011). Although the issue does not appear to have been addressed in Connecticut, at lease two other States' high courts have held that similar erasure statutes do not operate to turn truthful reports of public records into reports that are false and defamatory. *See id*. (New Jersey); *Rzeznik v. Chief of Police of Southampton*, 374 Mass. 475, 373 N.E.2d 1128 (1978) (Massachusetts). Because the Connecticut statute does not alter the truth of what Main Street reported, the libel count should be dismissed.

## II.

## THE LIBEL COUNT IS ALSO DEFECTIVE
## UNDER THE SINGLE PUBLICATION RULE

"[T]he single publication rule [is] namely that the publication of a defamatory statement in a single issue of a newspaper, or a single issue of a magazine, although such publication consists of thousands of copies widely distributed, is, in legal effect, one publication which gives rise to one cause of action and that the applicable [s]tatute of [l]imitations runs from the date of that publication." *Hechtman v. Connecticut Dept. of Public Health*, 2009 WL 5303796, 49 Conn. L. Rptr. 261 (Conn. Super. Dec 03, 2009) (internal quotation marks omitted.) In Connecticut, as in many other states, the single publication rule has been applied to a publication on the Internet, even though such publication remains available to be seen by a potentially unlimited number of people over time. *Id.*

According to the Amended Complaint, the report in question was published by Main Street on August 25, 2010 (Amended Complaint, ¶19) but did not become defamatory until January 11, 2011. Amended Complaint, ¶37. Because the cause of action, if any, arose on the date of publication, whether or not the initial publication continued to be available on the internet after January 11, 2011 is irrelevant, as no new cause of action was created after January 11, 2011. Under the single publication rule, because plaintiff does not allege Main Street's report was untruthful on the date of publication, Main Street cannot be held liable for libel.

# III.

## THE REMAINING COUNTS SHOULD BE DISMISSED

The remaining counts alleged in the Amended Complaint are all premised on the alleged falsity of Main Street's report. Such claims must be dismissed where the underlying defamation count is dismissed. *See Hustler Magazine v. Falwell*, 485 U.S. 46, 57 (1988) (claim for infliction of emotional distress based upon the publication of allegedly false and harmful material may not be maintained when a defamation claim, based on the same publication, fails); *Dellacamera v. New Haven Register*, 2002 WL 31501855 (Conn.Super. Oct 28, 2002) (dismissing false light and emotional distress claims that were derivative of the libel claim); *Colon v. Town of West Hartford*, 2001 WL 45464 (D.Conn. Jan 05, 2001) (dismissing emotional distress claim, citing *Falwell*).

## Conclusion

For the foregoing reasons, and for the reasons set forth in the memorandum of law being submitted by the other Media Defendants, the Amended Complaint should be dismissed in its entirety as to Main Street, with prejudice.

Dated: October 11, 2012

Respectfully submitted,

　/s/ Cameron Stracher
Cameron Stracher (ct28146)
4 North Pasture Rd.
Westport, CT 06880
Phone / Fax: (203) 222-7169
Email: cam@stracherlaw.com

Robert D. Lillienstein (rl4585)
(*Pro hac vice* motion pending)
Moses & Singer, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
212-554-7807
917-206-4307 (facsimile)
Email: rlillienstein@mosessinger.com

*Attorneys for Defendant Main Street Connect, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2012, I caused the foregoing document to be filed electronically with the court using the CM/ECF system, which will send notification of such filing to the parties listed below.

Mark Sherman, Esq.
The Law Offices of Mark Sherman, LLC
29 Fifth Street
Stamford, CT 06905
msherman@markshermanlaw.com

Stephen Seeger, Esq.
810 Bedford Street, Suite #3
Stamford, CT 06901
seegerkid2@aol.com

ATTORNEYS FOR PLAINTIFF

                                                /s/ Cameron Stracher
                                                Cameron Stracher