IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE MARTIN, individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiff,<br><br>-v-<br><br>THE HEARST CORPORATION,<br>MAIN STREET CONNECT, LLC, d/b/a<br>THE DAILY GREENWICH, and<br>NEWS 12 INTERACTIVE, INC.,<br><br>    Defendants. | Case No. 3:12-cv-01023 (MPS) |

**DECLARATION OF MARK SHERMAN
IN REPLY TO DECLARATION OF CAMERON STRACHER DATED MAY 24, 2013**

Pursuant to 28 U.S.C. § 1746 and the Court's Order of May 7, 2013, Mark Sherman, Attorney for Plaintiff declares:

1.  I am an attorney with The Law Offices of Mark Sherman, LLC, counsel in this action to the Plaintiff Lorraine Martin. I submit this declaration based on my own personal knowledge of the materials in the record in this action.

2.  I have reviewed defense counsel's May 25, 2013 Declaration ("Attorney Stracher's Declaration") as well as this Court's Order of May 6, 2013.

3.  According to Attorney Stracher's Declaration, Exhibits A, B, C, and D offer true and correct copies of the alleged defamatory articles at issue in this case.

4.     Exhibits A, B, and C, however, each contain published date stamps of "May 07, 2013" on the upper right hand page of each web page screen shot.  These date stamps are in addition to the date stamp of "August 26, 2010" published in the author byline of each article contained within Exhibits A, B, and C.

5.     Exhibits A, B, and C also contain online advertisements, as well as hyperlinks to other online news articles and content published by the Defendant The Hearst Corporation, all of which were not originally published in 2010 by this Defendant alongside this alleged defamatory content.

6.     Similarly, Exhibit D contains hyperlinks to other internet content created by the Defendant News 12 Interactive, Inc., all of which were not originally published in 2010 by this Defendant alongside this alleged defamatory content.

7.     These discrepancies beg Plaintiff's threshold question in this case:  are the Defendants making profits off of the continued re-publication of the alleged defamatory content?

8.     If the answer to that question is "yes", then, for the reasons articulated in Plaintiff's Opposition Memorandum, the alleged defamatory material could fall within the republication exception to the single publication rule.  (Pl.'s Opp. Mem., at § II.C).[1]

9.     As illustrated in these Exhibits A, B, C and D, each publication of Plaintiff's 2010 erased arrest contains either a 2013 advertisement, 2013 weather report, or 2013 hyperlink to an unrelated news story.

10.    Thus, in response to Attorney Stracher's Declaration as well as this Court's May 6, 2013 Order, Plaintiff respectfully submits that prior to any summary judgment ruling of this

---

[1] Plaintiff also reiterates that the alleged defamatory material should be deemed to have been published after January 11, 2012, pursuant to the multiple publication rule (see Pl.'s Opp. Mem., at II.A), or pursuant to the proper application of the single publication rule.  See id. at § II.B.

Court, discovery should at the very least be conducted by Plaintiff to investigate the issues of (i) whether the Defendants are profiting from the continued republication of the alleged defamatory conduct, (ii) when and how the Defendants technically republish the alleged defamatory content on the internet, and (iii) the internal decision-making processes of the Defendants regarding when and how online police blotter articles are updated and removed from the Defendants' websites.

11. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 29, 2013

                                                                                           /s/ Mark Sherman, Esq.
                                                                                             Mark Sherman

## **CERTIFICATION**

THIS IS TO CERTIFY that on May 29, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ Mark Sherman, Esq.
                                                        Mark Sherman